UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LESLIE BROUILLETE | * | CIVIL ACTION NO. 24-1637 |
| | * | |
| VERSUS | * | SECTION: "G"(1) |
| | * | |
| LIBERTY MUTUAL INSURANCE | * | JUDGE NANNETTE JOLIVETTE BROWN |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| ************************************ | * | |

ORDER

Before the court is defendant Safeco Insurance Company of America's Motion for Contempt and Sanctions (Rec. Doc. 12) arising out of plaintiff's failure to comply with the undersigned's October 7, 2024, order compelling her to respond to Safeco's discovery requests by October 14, 2024. (Rec. Doc. 11). Safeco asks this Court to dismiss all of plaintiff's claims. It also asks the Court to award its reasonable costs and fees incurred in filing the motion as well as its earlier motion to compel.[1]

On November 5, 2024, the same day that plaintiff filed her opposition to the Motion for Contempt and Sanctions, plaintiff also served her discovery responses. She argues that her delay was not intentional, but that her counsel was in trial when the October 7, 2024, Order was issued and he missed the email. She argues that there are no aggravating factors because most of the information she provided in response was already in Safeco's possession.

In reply, Safeco argues that dismissal is appropriate. It points out that plaintiff's responses are 22 days late. And it insists that much of the information in the responses is critical and not in its prior possession. As a result of the new information, Safeco has now denied plaintiff's insurance claim.

---

[1] It does not say what those fees might be.

1

Under the Federal Rules of Civil Procedure, "[i]f the plaintiff fails to prosecute or to comply with [the Rules] or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. Proc. 41(b). The Fifth Circuit cautions that a "with prejudice" dismissal is "an extreme sanction," which "is warranted only where a clear record of delay or contumacious conduct by the plaintiff exists, and a lesser sanction would not better serve the interests of justice." Gonzalez v. Firestone Tire & Rubber Co., 610 F.2d 241, 247 (5th Cir. 1980). Additionally, "'aggravating' factors—such as 'the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, the degree of actual prejudice to the defendant, and whether the delay was the result of intentional conduct'—may also be relevant to the analysis." In re Taxotere (Docetaxel) Prod. Liab. Litig., 966 F.3d 351, 358 (5th Cir. 2020) (quoting Rogers v. Kroger Co., 669 F.2d 317, 320 (5th Cir. 1982)).

Dismissal is a wholly inappropriate sanction in this case. Plaintiff's failure to comply with this Court's order is due to her counsel's neglect. The court finds that counsel's failure to timely respond to the original discovery requests and counsel's delay in complying with the Court's order, while falling short of counsel's professional obligations, does not qualify as contumacious conduct. And, it does not rise to the level of "a clear record of delay" that is typically required when a Court issues the ultimate sanction of dismissal. Critically to this Court's conclusion, there is minimal, if any, prejudice to Safeco. Even assuming that Safeco is correct and the discovery responses provided new and critical information, the discovery deadline in this case is not until May 5, 2025, and trial is not until July 21, 2025. Safeco has not identified any prejudice resulting from plaintiff's 22 delay in providing her responses. Whatever prejudice there might be,[2] it does not rise to the level to justify a "with prejudice" dismissal. Nor has Safeco made a showing to support an award

---

[2] The Court notes that it makes no finding as to Safeco's assertion that plaintiff's failure to provide information amounts to a violation of the insurance policy.

of fees, though the Court cautions Ms. Brouillete and her counsel that the Court expects compliance with the applicable rules and its deadlines along with prompt review of its orders. When failure to do so becomes an unjustified pattern, sanctions may be warranted. The Court is further disinclined to award fees because of Safeco's frivolous insistence that a "with prejudice" dismissal is warranted here. Accordingly,

IT IS ORDERED that the Motion for Contempt and Sanctions (Rec. Doc. 12) is DENIED.

New Orleans, Louisiana, this 18th day of November, 2024.

                                                Janis van Meerveld
                                       United States Magistrate Judge