UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LESLEY BROUILLETE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-1637** |
| **LIBERTY MUTUAL INSURANCE** | **SECTION: "G"(1)** |

## ORDER AND REASONS

Before the Court is a Motion for Summary Judgment[1] filed by Defendant Safeco Insurance Company of America, incorrectly named in the Petition as "Liberty Mutual Insurance" ("Defendant"). In this litigation, Plaintiff Lesley Brouillete ("Plaintiff") brings breach of insurance contract and bad faith claims against Defendant.[2] In the instant motion, Defendant argues there is no coverage under the insurance policy because Plaintiff was not a resident of the insured premises on the date of loss, or at any point during the policy period.[3]

The instant motion was filed on November 12, 2024 and set for submission on January 22, 2025.[4] Under Local Rule 7.5, an opposition to a motion must be filed eight days before the noticed submission date. Plaintiff has not filed an opposition to the instant motion and therefore the motion is unopposed. A federal district court may grant an unopposed motion if the motion has merit.[5]

---

[1] Rec. Doc. 16.

[2] Rec. Doc. 1-1 at 1.

[3] Rec. Doc. 16.

[4] Rec. Doc. 16; Rec. Doc. 21.

[5] *See Braly v. Trail*, 254 F.3d 1082 (5th Cir. 2001).

1

Considering the motion, memorandum in support, record, and applicable law, the Court grants the motion for summary judgment.

## I. Background

Plaintiff filed a Petition against Defendant in the Twenty-Second Judicial District Court for the Parish of St. Tammany, State of Louisiana.[6] On June 27, 2024, Defendant removed the case to this Court.[7] According to the Petition, Defendant issued the Policy covering Plaintiff's property at 71051 Shady Lake Drive, Covington, Louisiana 70433 (the "Property").[8] Plaintiff alleges that a severe weather storm damaged the Property on or about June 25, 2022.[9] Plaintiff purportedly notified Defendant of the loss and delivered to Defendant a full and particular account of Plaintiff's expenses and losses as a result of the loss.[10] Plaintiff avers Defendant has failed to fulfill its obligations pursuant to the Policy.[11] Plaintiff brings a breach of insurance contract claim and a bad faith claim in violation of Louisiana Revised Statutes §§ 22:1892 and 22:1973 against Defendant as a result of Defendant's alleged failure to timely pay insurance proceeds due under the Policy.[12]

On November 12, 2024, Defendant filed the instant motion for summary judgment.[13] Plaintiff has not responded to the motion.

---

[6] Rec. Doc. 1-1.

[7] Rec. Doc. 1.

[8] Rec Doc. 1-1.

[9] Rec Doc. 1-1 at 5.

[10] *Id*. at 6.

[11] *Id*.

[12] *Id*. at 7–8.

[13] Rec. Doc. 16.

## II. Defendant's Arguments

In the instant motion, Defendant asserts Plaintiff readily admitted that her father resided at the Property for the entire policy period of March 8, 2022 through March 8, 2023.[14] Additionally, Plaintiff admitted that for the entire policy period, she did not reside at the Property.[15] For purposes of damage to a dwelling, Defendant points out the policy covers physical damage only to the "residence premises."[16] The policy defines the "residence premises" as the location where the named insured resides and the location shown in the policy declarations.[17] Given Plaintiff's admissions, Defendant argues there is no coverage under the policy as a matter of law.[18]

## III. Legal Standard

### A. *Legal Standard for Summary Judgment*

Summary judgment is appropriate when the pleadings, discovery, and affidavits demonstrate "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[19] To decide whether a genuine dispute as to any material fact exists, the court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[20] All reasonable inferences are drawn in favor of the nonmoving party.[21] Yet "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and

---

[14] Rec. Doc. 16-6 at 6.

[15] *Id.* at 7.

[16] *Id.*

[17] *Id.*

[18] *Id.*

[19] Fed. R. Civ. P. 56(a); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[20] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008) (citing *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150 (2000)).

[21] *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Reeves*, 530 U.S. at

3

conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[22] If the entire record "could not lead a rational trier of fact to find for the non-moving party," then no genuine issue of fact exists and, consequently, the moving party is entitled to judgment as a matter of law.[23] The nonmoving party may not rest upon the pleadings.[24] Instead, the nonmoving party must identify specific facts in the record and articulate the precise manner in which that evidence establishes a genuine issue for trial.[25]

The party seeking summary judgment always bears the initial responsibility of showing the basis for its motion and identifying record evidence that demonstrates the absence of a genuine issue of material fact.[26] "To satisfy this burden, the movant may either (1) submit evidentiary documents that negate the existence of some material element of the opponent's claim or defense, or (2) if the crucial issue is one on which the opponent will bear the ultimate burden of proof at trial, demonstrate that the evidence in the record insufficiently supports an essential element of the opponent's claim or defense."[27] If the moving party satisfies its initial burden, the burden shifts to the nonmoving party to "identify specific evidence in the record, and to articulate" precisely how that evidence supports the nonmoving party's claims.[28] The nonmoving party must set forth

---

150).

[22] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

[23] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *First Nat'l Bank of Ariz. v. Cites Serv. Co.,* 391 U.S. 253, 289 (1968)).

[24] *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

[25] *See id.*; *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

[26] *Celotex Corp.*, 477 U.S. at 323.

[27] *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 190 (5th Cir. 1991) (internal citation omitted).

[28] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *see also Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

"specific facts showing the existence of a 'genuine' issue concerning every essential component of its case."[29]

The nonmovant's burden of demonstrating a genuine issue of material fact is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."[30] Moreover, the nonmoving party may not rest upon mere allegations or denials in its pleadings.[31]

### B.     *Legal Standard for Interpreting Insurance Contracts under Louisiana Law*

Under Louisiana law, "an insurance policy is a contract between the parties and should be construed by using the general rules of interpretation of contracts set forth in the Louisiana Civil Code."[32] "The Louisiana Civil Code provides that '[t]he judiciary's role in interpreting insurance contracts is to ascertain the common intent of the parties to the contract' by construing words and phrases 'using their plain, ordinary and generally prevailing meaning.'"[33] "Interpretation of an insurance contract generally involves a question of law."[34]

If the contract is clear and unambiguous and does not have absurd consequences, the court applies the ordinary meaning of the contractual language.[35] If the insurance policy contains

---

[29] *Morris*, 144 F.3d at 380; *see also Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012).

[30] *Little*, 37 F.3d at 1075 (internal citations and quotation marks omitted).

[31] *Morris*, 144 F.3d at 380.

[32] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 206 (5th Cir. 2007) (quoting *Cadwallader v. Allstate Ins. Co.*, 2002-1637 (La. 6/27/03); 848 So.2d 577, 580). *Wisznia Co. v. Gen. Star Indem. Co.*, 759 F.3d 446, 448 (5th Cir. 2014) (quoting *Mayo v. State farm Mut. Auto. Ins. Co.*, 2003-1801, at *3 (La. 2/25/04); 869 So.2d 96, 99) (quotation marks omitted).

[33] *Wisznia Co.*, 759 F.3d at 448–49 (quoting *Mayo,* 869 So.2d at 99).

[34] *In re Katrina Canal Breaches Litig.*, 495 F.3d at 206 (citing *Bonin v. Westport Ins. Corp.*, 930 So.2d 906, 910 (La. 2006)).

[35] *Prejean v. Guillory*, 2010-0740, at 6 (La. 7/2/10); 38 So.3d 274, 279; *see also Sapp v. Wood Grp. PSN,*

ambiguous provisions, the ambiguity "must be resolved by construing the policy as a whole." Yet an insurance contract "should not be interpreted in an unreasonable or strained manner under the guise of contractual interpretation to enlarge or restrict its provisions beyond what is reasonably contemplated by unambiguous terms or achieve an absurd conclusion."[36] "Courts lack the authority to alter the terms of insurance contracts under the guise of contractual interpretation when the policy's provisions are couched in unambiguous terms."[37]

### IV. Analysis

When a contract's language is clear and unambiguous and does not have absurd consequences, the Court applies the ordinary meaning of the contractual language.[38] Here, the Policy's language is clear and unambiguous regarding coverage:

> **SECTION I — PROPERTY COVERAGES**
> **BUILDING PROPERTY WE COVER**
> **COVERAGE A — DWELLING**
> We cover:
> 1. the dwelling on the residence premises shown in your Policy Declarations used principally as a private residence, including structures attached to the dwelling other than fences, driveways or walkways;
> 2. attached carpeting, built-in appliances, fixtures; and
> 3. materials and supplies located on or next to the residence premises used to construct, alter or repair the dwelling or other structures on the residence premises.[39]

The Policy defines "residence premises" as "(1) the one, two, three or four family dwelling, used principally as a private residence; (2) other structures and grounds; or (3) that part of any other

---

*Inc.*, No. 15-3, 2016 WL 6995897, at *4 (E.D. La. Nov. 30, 2016) (Brown, J.).

[36] *Cadwallader*, 848 So.2d at 580.

[37] *Id.*

[38] *Prejean*, 38 So. 3d at 279.

[39] Rec. Doc. 16-2 at 25.

building; where you reside and which is shown in your Policy Declarations."[40] The only address shown in the declarations is 71051 Shady Lake Drive, Covington, Louisiana 70433.[41] The Policy defines "you" as the named insured, as well as the named insured's spouse or domestic partner.[42] The only named insured is Lesley Brouillette.[43] The Policy further provides "relatives" of the named insured are insureds under the Policy only if the named insured remains a resident of the "residence premises."[44]

In response to Defendant's Requests for Admissions, Plaintiff admitted that her father, Michael Brouillette, resided at the Property for the entire policy period of March 8, 2022 through March 8, 2023.[45] Plaintiff admitted that for the entire policy period, she did not reside at the Property but instead resided in Picayune, Mississippi.[46]

The "residence premises" requirement is unambiguous and creates coverage only for loss to a dwelling used by Plaintiff as her primary residence. Plaintiff, the named insured on the policy, admits she did not use 71051 Shady Lake Drive as her primary residence during the relevant policy period. Therefore, there are no genuine issues of material fact in dispute and Defendant is entitled to summary judgment on Plaintiff's breach of contract claim. Because Plaintiff does not have a cognizable breach of contract claim, Plaintiff also cannot maintain a bad faith claim against

---

[40] *Id.* at 24.

[41] *Id.* at 16.

[42] *Id.* at 22.

[43] *Id.* at 16.

[44] *Id.* at 23.

[45] Rec. Doc. 16-5 at 14.

[46] *Id.*

Defendant.[47] Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment[48] is **GRANTED**.

**NEW ORLEANS, LOUISIANA,** this __9th__ day of May, 2025.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[47] *See, e.g., GeoVera Specialty Ins. Co. v. Joachin*, 2019 WL 8273471, at *9 (ED. La. June 28, 2019) (explaining, because the plaintiffs did not have a cognizable claim for coverage against the defendants, Plaintiffs bad faith claims could not be asserted).

[48] Rec. Doc. 16.